## HICKEY v. BOARD OF DENTAL EXAMINERS.

Circuit Court, Dade County.

December 5, 1955.

Ross Williams, Miami, for petitioner.

Richard H. Hunt, Miami, for respondents.

CHARLES A. CARROLL, Circuit Judge.

This matter came on for hearing before the court on petitioner's application for writ of certiorari and respondents' motion to dismiss, and the court heard argument of counsel and has considered the briefs which were filed.

Respondents' motion to dismiss is denied.

By this proceeding the petitioner seeks a review by certiorari, of an order by the respondent dental board dated August 8, 1955, finding the petitioner, Harold H. Hickey, guilty of certain charges of employing and permitting another to engage in unlicensed practice of dentistry, and which order, as a penalty, suspended and revoked the license of the petitioner Hickey to practice dentistry for a period of three years.

The order has not been superseded and the suspension is now in effect.

Petitioner's contentions can be grouped under four headings— (1) that the written charges, on the basis of which the petitioner was tried and suspended, were insufficient, being lacking in facts and particulars, (2) that the proof failed and the evidence was insufficient, (3) that the board's order or judgment did not contain findings of fact, as required in such a proceeding, and (4) that the board applied the wrong standard of proof, having applied the "preponderance of evidence" rule, where the case was of a character calling for the evidence to be positive and unequivocal and the proof beyond a reasonable doubt.

On the first of those points, the ruling here is against the petitioner. When the proceedings before the board began, petitioner applied to the circuit court for a writ of prohibition (cause #33226-F), the main contention there being that the charges were insufficient. A judge of this court refused to issue the writ, thus holding the charges to be sufficient. The decision on that point by a division of this court is given due respect and credit, and is accepted by the undersigned as a ruling by this court which should be and is binding.

The second of said points does not call for a ruling of this court, for the reasons set out hereinbelow in this order.

On the third point, challenging the board's order for not containing specific findings of fact, it appears that the board, in its order, found and held that the petitioner Hickey was guilty "of the several acts of unprofessional conduct as a licensed dentist of the State of Florida as said unprofessional acts and conduct are charged and set forth in the affidavit of Dr. Thomas A. Price aforesaid." That was, in effect, a finding of the facts, as set forth in the affidavit or charge. It is better practice to make specific findings of the facts which the board considered proved, but the form of finding used in this instance is enough and the order is not defective in that respect.

The fourth question, as to the degree of proof, arises because the board's suspension order stated that the charges of unprofessional conduct against the petitioner Hickey had been sustained by "a clear preponderance of the evidence."

The briefs which were filed concerned principally this question. Cases dealing with the licenses of professional men, including dentists, doctors and lawyers, are careful to point out the serious

effect on the individual which results from being deprived of a license to practice his profession. It is not unlike depriving one of his estate, or of his liberty, in that it takes away something of great utility and extreme value to the individual.

It seems definitely established in our law that due process requires extra safeguards in the form of definite and conclusive proof in two classes of cases, first, those where the penalty may be great (such as criminal cases), and, second, those where something a person is entitled to on the record is sought to be taken away from him on proof of extraneous facts. An example of the latter is where one claims the property of another, suggesting that the other holds it as constructive trustee. In such a case the record may show the second party to be the owner, and the first party will claim the property contrary to that record ownership. There are other examples, such as in fraud matters. In those instances the evidence must be clear, positive and such as to establish the claimed facts beyond a reasonable doubt.

Thus, it is the nature of the case which determines whether the degree of proof required is simply a preponderance of the evidence or that the evidence shall be positive, unequivocal and beyond a reasonable doubt. While the higher degree of proof is required in criminal cases, they are by no means the only cases in which that degree of proof is necessary, and this question, as it relates to this proceeding, is therefore, not to depend upon whether the action to revoke the license shall be classified as a criminal or non-criminal proceeding.

It becomes necessary to examine the record to determine whether the board which suspended petitioner's professional license for three years found him guilty of the matters charged against him by a preponderance of the evidence or by the higher degree of proof which was required.

The board found the charges against the petitioner had been established by "a clear preponderance of the evidence." It can be argued that the inclusion by the board of the word "clear" in connection with "preponderance" satisfies the requirement for clear and definite proofs, but this court is of the opinion that the language used by the board in its order must be construed to mean that the board acted on the lesser degree of proof represented by the expression "preponderance of the evidence." We do not know what meaning they assigned to the word "clear" when used with the word "preponderance." "Preponderance of the evidence" has

a definite meaning, and it adds little to refer to it as being a "clear" preponderance. At least it does not carry it into the higher degree of proof which is defined as being not only clear but positive, unequivocal and beyond a reasonable doubt. The latter degree has a definite meaning to a trier of the facts, and it is greatly different from preponderance, which is the reason for these separate rules of proof in different types of cases. Also, since the proof of guilt of the person whose license is sought to be taken away must be established by positive proofs, it would be going against that rule for this court now to ignore the uncertainty and lack of positiveness as to the degree of proof employed by the board, which results from their use of the language "clear preponderance."

Therefore, it is the holding of this court that the respondents, in acting on the evidence and in making their order of August 8, 1955, suspending the petitioner's professional license for three years, based their holding on a preponderance of the evidence, and it is hereby ordered and adjudged that said order is quashed, and the cause is remanded to the respondent Florida State Board of Dental Examiners, who are hereby authorized and directed to convene and reconsider the evidence which came before them and to make such finding and order as may be appropriate and necessary after a reconsideration of said evidence by them, having in mind that before the charges may be held by them to be established, the evidence must be so clear, strong and unequivocal as to remove from the minds of the members of the board every reasonable doubt as to the guilt of the petitioner as charged.

Goldman v. Olsen (Fla.), 31 So. 2d 623, is authority for returning the cause to the trier of the facts for a reassessment of the evidence under a higher quantum of proof after a prior consideration and an order applying an improper lesser quantum of proof.

Meanwhile, the effect of this order is that the petitioner is now no longer under the suspension, and whether or not his license will be suspended or otherwise affected will depend upon such order as the respondent board may make upon reconsideration of the evidence as hereinabove provided for.